## ESTATE OF JAMES McGINN, DECEASED.

[No. 7054; decided December 30, 1889.]

Will Contest—Costs.—Fees of Jury, Clerk, Sheriff and Shorthand Reporter taxed as costs of contestants upon revocation of probate of will.

Will Contest—Costs—Mileage of Witness.—Mileage from San Luis Obispo to San Francisco and return disallowed as costs; it appearing that the residence of witness more than thirty miles distant from place of trial, and that he, although demanding and being refused his fees, nevertheless voluntarily attended.

Will Contest—Costs—Witness Fees.—A witness coming from San Luis Obispo to San Francisco (not obliged to attend) only allowed two days' fees; reduced from claim of six days.

Will Contest—Costs—Witness Fees.—Parties contestant to a proceeding to revoke the probate of a will are not entitled to witness fees for testimony in their own behalf, nor to mileage.

. Will Contest—Costs.—Fees of ''Expert'' Witnesses cannot be taxed differently from those of other witnesses, as the court has no power under the statute to allow other than ordinary witness fees.

Will Contest—Costs—Service of Subpoenas.—Item in cost bill, service of twenty-seven subpoenas at $1.50 each, disallowed; no return of service having been made, and it not appearing by whom served, and charge being in excess of fee bill.

Will Contest.—Items in Cost Bill for Alleged Taking of Depositions disallowed, upon objections that alleged witnesses appeared at trial, that alleged depositions never returned or filed, and that items were excessive.

Will Contest.—Item in Cost Bill of Attorney Fee of Contestant upon revocation of probate of will disallowed as improper; construing Code of Civil Procedure, section 1332 with sections 1716 and 1021.

The opinion of the court was delivered upon a motion to tax costs. The motion was made upon behalf of the proponents of the will, as to the memorandum of costs and dis-

bursements filed by the contestants upon the revocation of the original probate. The motion separately submitted by P. Reddy and W. H. Metson (dated May 1, 1889), as representing the proponents other than the executors, is taken for reference to the objections considered by the court because of its great particularity and formal specification, consisting of forty-eight distinct objections to the various items claimed, and covering twenty-four pages of typewritten matter, with five additional pages of an affidavit in support thereof.

The objections in the motion involving propositions of law, and specially passed upon in the opinion, are particularly referred to as calculated to more fully elucidate the court's opinion, when read in connection therewith, viz.: Third objection, that mileage and expenses of witness from San Luis Obispo and return, unreasonable, illegal and unjust; witness appeared voluntarily, and his deposition might have been taken in county of residence. (See syllabus No. 2, also No. 3.)

Objections Nos. 9, 11, 12, 18, 28, 31, 39: That witness one of the parties contestant, and so not entitled to any fees at all; also, never served with subpoena, but appeared and testified voluntarily. Same as to mileage and expenses of one of parties from county of residence. (See syllabus No. 4.)

Twenty-ninth, fortieth and forty-first objections: That witness not paid by contestants the sum claimed, and not entitled to any sum other than $2 per day for witness fees, whether an expert or otherwise. (See syllabus No. 5.)

Forty-second objection: That no subpoenas returned; charge of $1.50 for each alleged service unreasonable, illegal, excessive and unjust, and should not be in excess of twenty-five cents for each service, and no fees allowable for any service, except where returns actually made and filed in court. (See syllabus No. 6.)

Objections Nos. 43, 44, 45 and 46, as to items for taking depositions: That depositions never returned or filed; witness appeared at trial and testified; and charge excessive, illegal, etc., and improper in excess of twenty cents for each folio transcribed. (See syllabus No. 7.)

Forty-seventh objection, as to contestants' attorney expense: That (inter alia) said item improper in a bill of costs,

and no part of an attorney's fee taxable as costs. (See syllabus No. 8.)

Service of subpoenas (see syllabus 6) : By Statutes 1871-72, page 776, sheriff's fees twenty-five cents, and for each mile in going (only) twenty-five cents, includes certificate of service.

Taxation of the costs (see syllabus 9) : Should be against the estate. The resistance to the contest made in good faith: Code Civ. Proc., secs. 1332, 1720.

The provisions giving the rule as to party liable for costs taxed up in contestant's favor upon a revocation of the original probate of a will (syllabus 9) : The only provisions of the probate statute appear to be the two sections cited by counsel, supra; as to which it may be noted that section 1332, by its terms, provides for this very case and for no other (see Tiffany's Estate, May 21, 1888, Coffey, J., above) ; and that section 1720, which is a general section forming part of the omnibus chapter at the end of the general probate statute, can only be considered as applying to the subject matter of section 1332, semble, upon the ground that it is a case "not otherwise prescribed in this title." The two sections are quoted, viz.:

"Section 1332. The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed. If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

"Section 1720. When it is not otherwise prescribed in this title, the superior court, or the supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for the costs may issue out of the superior court."

P. Reddy and W. H. Metson, for respondents, Johanna McGinn, and others.

James F. Smith, for executors.

James L. Crittenden, for contestants.

COFFEY, J.  1. The cost bill is retaxed as follows:

Reporter's fees as charged, subject to such abatement as may be authorized by payments already made by executors.

Jury fees and clerk's and sheriff's fees allowed.

2. Marcus Harloe, witness, mileage disallowed.

3. Witness fees are allowed as follows: (Here follows a long list of witnesses with number of days allowed each, all at $2 per day, not necessary to be copied.)

4. The following items are disallowed in toto:

Mrs. Mary A. Clements, who is a party to the action and witness in her own behalf as contestant.

Mrs. Emma Burns, on the same grounds.

Joseph McGinn, on the same grounds.

James E. McGinn, on the same grounds.

Thomas McGinn, on the same grounds.

Mrs. Johanna McGinn, on the same grounds.

Patrick H. McGinn, on the same grounds.

5. The charges in the bill of costs for the services of experts B. M. Gunn and Doctors Stallard, Mays and H. C. Bowie are disallowed for reasons heretofore stated, that the court has no power under the statute to allow other than ordinary witness fees.

6. The charge for serving subpoenas is disallowed.

7. The charges for taking depositions before Notary Harris are disallowed for the reasons recited in respondent's objections.

8. The charge for services rendered as attorney and counsel for contestants in the contest of the alleged will of decedent is disallowed for reasons already stated by the court.

9. The costs as retaxed are a proper charge against the parties respondent, and the estate is not liable therefor, and the court orders the bill of costs heretofore filed to be retaxed as hereinabove determined.

Exceptions to each and every of the foregoing rulings reserved and noted for the respective parties to the action and proceeding and motion.